# In re UNIVERSAL SERVICE FUND TELEPHONE BILLING PRACTICES LITIGATION.

## No. 1468.

Judicial Panel on Multidistrict Litigation.

June 25, 2002.

BEFORE WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

* Judges Keenan and Selya took no part in the decision of this matter.

## TRANSFER ORDER

This litigation presently consists of ten actions: three actions in the Middle District of North Carolina; two actions in the Northern District of Illinois and the Southern District of Illinois; and one action each in the Central District of California, the District of Kansas and the Western District of Oklahoma.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the three telecommunications defendants in these actions—AT & T Corp., MCI WorldCom Communications, Inc., and Sprint Corporation (Sprint)—to centralize these ten actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. All responding parties agree that centralization is appropriate, but some suggest alternative transferee districts, including the Northern District of California, the Central District of California, the District of the District of Columbia, the District of Kansas, or the Eastern District of Louisiana.

On the basis of the papers filed and hearing session held,[2] the Panel finds that these actions involve common questions of fact relating to the manner in which the telecommunications defendants collect a charge from their long distance customers in order to fund the Universal Service Fund (USF) and whether defendants' charges i) violate the Federal Communications Act and/or various state statutes, or ii) breach common law. The Panel also finds that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

Given the dispersed location of constituent actions and potential tag-along actions, no district stands out as the focal point for this nationwide docket. On balance, we conclude that the District of Kansas is the appropriate transferee forum. We note that i) one action now before the Panel and two potentially related actions are pending there, ii) some documents and witnesses can likely be found there at Sprint's headquarters, and iii) overall this geographically central location is relatively convenient for the parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions

---

1. Two additional actions pending in the Southern District of Illinois included on the Section 1407 motion were remanded to Illinois state court on April 16 and 24, 2002. Accordingly, the question of inclusion of these actions in Section 1407 proceedings is moot.

   The Panel has been notified that 35 potentially related actions have recently been filed in the following federal courts: eleven actions in the Central District of California; four actions in the Northern District of Illinois; two actions in the Southern District of California, the District of District of Columbia, the Northern District of Georgia, the District of Kansas, and the District of New Mexico; and one action each in the Northern District of California, the Southern District of Illinois, the Northern District of Iowa, the Eastern District of Louisiana, the Western District of Missouri, the Southern District of New York, the Middle District of North Carolina, the Eastern District of Pennsylvania, the District of South Carolina, and the Eastern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. As announced at the hearing session, the members of the Panel participated in the decision of this matter under the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud.Pan. Mult.Lit.2001).

on the attached Schedule A pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable John W. Lungstrum for coordinated or consolidated pretrial proceedings with the action pending there.

### SCHEDULE A

*MDL–1468—In re Universal Service Fund Telephone Billing Practices Litigation*

  *Central District of California*
  *Roger Gerdes v. AT & T Corp., et al.,* C.A. No. 2:02–1136

  *Northern District of Illinois*
  *Phoebe J. Jiminez, et al. v. AT & T Corp.,* C.A. No. 1:02–847
  *Henry J. Shannon, Jr., et al. v. AT & T Corp.,* C.A. No. 1:02–1978

  *Southern District of Illinois*
  *Ruth Jansen v. MCI Telecommunications Corp., et al.,* C.A. No. 3:01–765

*Cornita Driver v. AT & T Corp.,* C.A. No. 3:02–7

*District of Kansas*
*Stephen Doherty v. AT & T Corp.,* C.A. No. 2:02–2118

*Middle District of North Carolina*
*Tomi White Bryan v. Sprint International Communications Corp.,* C.A. No. 1:02–178
*Harry Grant v. AT & T Corp.,* C.A. No. 1:02–187
*Joseph W. Warner v. MCI WorldCom Communications Corp., Inc.,* C.A. No. 1:02–191

*Western District of Oklahoma*
*Rod Jantz v. AT & T Corp.,* C.A. No. 5:02–337